GORSUCH, Circuit Judge,
concurring.
The court today holds that the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the government from forcing a prisoner to choose between following his sincerely held religious beliefs and staying alive. With this, I agree. I write only to clarify what the court does not hold but instead entrusts to future panels to decide.
RLUIPA prohibits the government from creating a substantial burden on a prisoner’s sincerely held religious beliefs. As the panel opinion notes, the defendants in this ease do not contest the religiosity or the sincerity of Mr. Abdulhaseeb’s beliefs. See Maj. Op. at 1314-15. Accordingly, we have no opportunity to decide when a prisoner’s beliefs qualify as religious or when they are sincerely held. The only question before the court is whether the government has imposed a substantial burden. In evaluating that question, we will say that
a religious exercise is substantially burdened under 42 U.S.C. § 2000cc-l(a) when a government (1) requires participation in an activity prohibited by a sincerely held religious belief, or (2) prevents participation in conduct motivated by a sincerely held religious belief, or (3) places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief, such as where the government presents the plaintiff with a Hobson’s choice — an illusory choice where the only realistically possible course of action trenches on an adherent’s sincerely held religious belief.
Maj. Op. at 1315.
In evaluating whether Mr. Abdulhaseeb has satisfied that test, we have struggled to ascertain the exact parameters of his pro se complaint. Claim 10, for example, obviously concerns his daily diet, but it’s fairly susceptible of at least three possible interpretations: (1) Mr. Abdulhaseeb can only eat food that is expressly certified halal by an Islamic authority, much as some members of the Jewish faith may eat only certified kosher food, and nothing provided by the Oklahoma Department of Corrections (ODOC) or available for purchase from approved vendors meets that *1325 standard.; (2) he can eat any food that isn’t haram (that is, explicitly forbidden), but the periodic (or sporadic) placement of questionable foods, such as jell-o and pudding, onto his cafeteria tray renders all of the tray’s contents haram and thus inedible; or (3) he can, consistent with his religion, eat the non-haram vegetarian diet provided by ODOC, but also has a religious obligation to eat halal meat with some unspecified level of frequency, yet such meat is neither provided nor available from approved vendors.
As both the summary judgment nonmovant and a pro se litigant, Mr. Abdulhaseeb deserves the benefit of the doubt. Accordingly, we charitably interpret Claim 10 to allege only the first, most troublesome scenario — that Mr. Abdulhaseeb requires a halal-eertified diet that he is not currently receiving and that ODOC has provided no means for him to procure for himself. Or, put another way, that he has been forced to choose between violating his religious beliefs and starving to death. Whatever else might be said about RLUIPA, redressing this sort of Hobson’s choice surely lies at its heart.
The choice posed to Mr. Abdulhaseeb puts him in a similar (if more dire) position as the petitioners in Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), and Thomas v. Review Board, 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981), two cases that the Supreme Court abrogated in Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), and that Congress sought to resurrect when it passed RLUIPA. See Maj. Op. at 1315; cf. Cutter v. Wilkinson, 544 U.S. 709, 714-17, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). In both cases, the Supreme Court found First Amendment violations when the government denied unemployment benefits to religious adherents because they followed their beliefs. “[A] burden upon religion exists,” the Court told us, “[wjhere the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief.” Thomas, 450 U.S. at 717-18, 101 S.Ct. 1425. To say that access to edible food qualifies as “an important benefit” is to put it mildly, and Mr. Abdulhaseeb’s Claim 10 thus falls squarely within the Sherbertr-Thomas prohibition.
We evaluate Mr. Abdulhaseeb’s other RLUIPA claims under the same framework. Claim 5 asserts that ODOC failed to approve any Muslim food vendors and thus prevented Mr. Abdulhaseeb from purchasing the halal meat he allegedly required for a mandatory and significant religious holiday. This claim satisfies the standard for a triable RLUIPA claim because the jury could, even if it need not necessarily, find that the restrictions rendered Mr. Abdulhaseeb’s religious exercise — the celebration of a mandatory holiday' — impossible. Claim 2, on the other hand, doesn’t meet that threshold. By alleging that ODOC sporadically placed questionable foods, such as jell-o and pudding, onto his cafeteria tray, thus rendering all of the tray’s contents inedible, Mr. Abdulhaseeb has described only a moderate impediment to — and not a constructive prohibition of — his religious exercise. It’s surely a burden to forgo an occasional meal. But it’s not a substantial burden, and RLUIPA proscribes only government actions that substantially burden religious exercise.
The resolution of Mr. Abdulhaseeb’s RLUIPA claims still leaves many questions unanswered. In particular, we do not address the third possible interpretation of Claim 10. We thus have no opportunity to consider whether a prisoner who may eat ODOC’s vegetarian diet but who is denied any access to halal-certified *1326 meats can state a RLUIPA claim. And we certainly do not suggest that RLUIPA requires the state to provide prisoners— even indigent prisoners — with everything they need for religious purposes. See Cutter, 544 U.S. at 720 n. 8, 125 S.Ct. 2113 (“RLUIPA does not require a State to pay for an inmate’s devotional accessories.”). This case compels us to address only whether prison officials can violate RLUIPA by denying an inmate in their charge all means of accessing food he can eat consistent with his (uncontested) sincerely held religious beliefs — thus effectively forcing him to choose between remaining pious or starving. We hold that RLUIPA does indeed apply in these circumstances. Whether and to what extent the statute goes further is a question for another day.